```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
                                          :     18cv6768(DLC)
DEUTSCHE BANK TRUST COMPANY AMERICAS,     :
                                          :   MEMORANDUM OPINION
                               Plaintiff, :      AND ORDER
             -v-                          :
                                          :
RADO LIMITED PARTNERSHIP,                 :
                                          :
                               Defendant. :
                                          :
-----------------------------------------X
                                          :
RADO LIMITED PARTNERSHIP,                 :
                                          :
                         Counterclaimant, :
             -v-                          :
                                          :
DEUTSCHE BANK TRUST COMPANY AMERICAS,     :
                                          :
                       Counterdefendant.  :
                                          :
-----------------------------------------X
```

APPEARANCES

For the plaintiff and counter-defendant:
David G. Januszewski
Sesi V. Garimella
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
(212) 701-3073

For the defendant and counter-claimant:
Jenice L. Malecki
Malecki Law
11 Broadway, Suite 715
New York, New York 10004
(212) 943-1233

DENISE COTE, District Judge:

On May 9, 2019, defendant Rado Limited Partnership ("Rado") moved for partial reconsideration of an Opinion of April 25, 2019 dismissing Rado's counterclaims for breach of contract, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and gross negligence.  See Deutsche Bank Trust Co. Americas v. Rado Ltd. P'ship, No. 18cv6768(DLC), 2019 WL 1863272 (S.D.N.Y. Apr. 25, 2019) ("April 25 Opinion"). Familiarity with the April 25 Opinion is assumed.  The motion for reconsideration was fully submitted on May 31.  It is denied.

Plaintiff Deutsche Bank Trust Company Americas ("DBTCA") is a New York banking corporation that is a subsidiary of Deutsche Bank AG, a Swiss entity.  Rado is a limited partnership organized under the laws of New Zealand.  Rado is wholly owned by the Diego Trust, a trust established to benefit Diego Romay and his family.

In 2011, Rado opened a nondiscretionary custody account ("Custody Account") with DTBCA that was governed by a Worldwide Custody Account Agreement ("Custody Agreement").  The Custody Agreement provided, among other things, that "[t]he Bank is not responsible for determining the suitability of any investment for [Rado] or the merits of any investment [Rado] make[s] in the Account, regardless of any information the Bank has about [Rado]

2

or the investment or its issuer." Rado was required to make its own investment decisions, based only on "the advice of [its] Advisor or other professional advisors and experts [it] select[s]." Through two powers of attorney executed in 2012 and 2016, Rado gave Fernando Haberer ("Haberer"), who was related by marriage to the Romay family, authority to direct the trading in the Custody Account.

In January 2018, Haberer directed DBTCA to buy (and sell) a large number of essentially worthless notes related to a Cease-and-Desist Order issued by the SEC in 2016. DBTCA executed Haberer's instruction to buy but each of Haberer's orders to sell failed, leaving a deficit in the Custody Account of approximately $12 million. Haberer transferred cash and securities from third parties into the Custody Account, but a balance of $2,557,262.72 remains. Haberer's relatives now contend that Haberer defrauded them. They seek to hold DBTCA liable for its failure to take action to prevent the deficit in the Custody Account.

For the following reasons, Rado's motion for reconsideration is denied. Rado's request to amend its counterclaims and file an attorney declaration to support its motion for reconsideration is also denied.

## Discussion

The standard for granting a motion for reconsideration is

"strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The motion for reconsideration must be denied. It seeks to reargue issues already presented to and decided by the Court. The motion for reconsideration principally claims that the April 25 Opinion erred by failing to credit Rado's allegations that DBTCA knew the Custody Account "was holding trust assets for Rado" and "thus was a trust account." Rado contends that,

4

because DBTCA knew the Custody Account was a "trust account," DBTCA owed a fiduciary duty to Rado. It argues that Rado breached this duty by failing to "properly monitor and oversee" Haberer's investment decisions, or by failing to make "a reasonable inquiry" in light of "clear evidence indicating that [Rado's] funds [were] being mishandled." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 295 (2d Cir. 2006).

Rado's motion for reconsideration must be denied because the Custody Account is not a "trust account." The Custody Account is a nondiscretionary account governed by the Custody Agreement. As set forth in that agreement, DBTCA was not responsible for advising Rado on the merits of its investment decisions. DBTCA specifically disclaimed in the Custody Agreement any responsibility for determining the suitability of Rado's investments, "regardless of any information the Bank has about [Rado] or the investment or its issuer." In the 2012 and 2016 powers of attorney, Rado expressly authorized Haberer "to buy, sell, and trade in securities" at DBTCA "for [Rado's] account and risk."

Because the Custody Account was an ordinary nondiscretionary account and not a "trust account," DBTCA does not owe a fiduciary duty to Rado and does not have "a duty to make a reasonable inquiry" based on Haberer's alleged mishandling of the Rado funds. "[A] depositary bank has no duty

5

to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from fiduciary misappropriation." Id. at 287 (citation omitted).

Rado insists that the Custody Account is a "trust account" because it held assets for the benefit of the Diego Trust. It argues that, under Lerner, the "label" of the account as a nondiscretionary account is "irrelevant"; so long as the bank has actual knowledge that the account contains trust assets, Lerner imposes a duty. Rado is incorrect. Even assuming DBTCA had actual knowledge that Rado was owned by the Diego Trust and that its assets were "trust assets," DBTCA was only asked to open a nondiscretionary custodial account. "[I]n determining whether a duty exists, courts must be mindful of the precedential, and consequential, future effects of their rulings, and limit the legal consequences of wrongs to a controllable degree." In re N.Y.C. Asbestos Lit., 5 N.Y.3d 486, 493 (2005) (citation omitted).

## Conclusion

Rado's May 9, 2019 motion for reconsideration is denied. Rado's May 9 motion for leave to amend its counterclaims is

denied as futile.  See Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018).

Dated:    New York, New York
          July 2, 2019

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　United States District Judge